IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNABE GURULE and
JUAN GURULE,

      Plaintiffs,

vs.                                                                                     Civil No. 07-443 WJ/RLP

BILL MERRELL, TRAVIS SKINNER,
DENA WILLATO, STEVE MIERA,
and JOEY PERALTA, in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER comes before the Court pursuant to County Defendants' Motion to Dismiss (Doc. 4) and State Defendants' Joinder in Motion to Dismiss (Doc. 11). The County Defendants' motion was filed on May 8, 2007. Plaintiffs did not file a response, and the County Defendants filed a notice of completion of briefing on June 18, 2007 (Doc. 8). On July 10, 2007, the State Defendants filed their motion to join the County Defendants' motion to dismiss (Doc. 11). Plaintiffs did not file a response, and the State Defendants filed a notice of completion of briefing on August 6, 2007 (Doc. 15). Having considered the motions and being fully advised on the relevant law, I conclude the motions are well taken and will be granted.

BACKGROUND

Plaintiffs filed their original Complaint in the Eighth Judicial District, State of New Mexico, County of Taos on March 20, 2007. The Complaint alleges claims for civil rights violations under 42 U.S.C. § 1983 and various state torts under the New Mexico Tort Claims

Act, N.M. Stat. Ann. 1978 §§ 41-4-4 et seq.  On May 7, 2007, the County Defendants removed the action to this Court.

Plaintiffs are brothers.  Their Complaint alleges that, on March 19, 2005, police were dispatched to a domestic disturbance at an address on Santa Barbara Road in Taos, New Mexico.  After unsuccessfully searching for the address, police ended up near the home of Plaintiff Juan Gurule more than six miles from Santa Barbara Road.  Several family members had gathered at the home after the funeral of Plaintiffs' mother.

Defendants Willato and Skinner heard what they thought was a shot fired from an unascertainable location.  Willato and Skinner placed themselves behind a rock wall across an open field from a home in which lights were on that also happened to be Juan Gurule's home.  Skinner and Willato called for backup.  Defendants Merrell, Miera and Peralta eventually arrived at the scene.

With guns drawn, Defendants raided Plaintiffs' home more than an hour after they heard the alleged gunshot.  Defendants tackled Plaintiffs, handcuffed and hog-tied them, and had their guns drawn at point-blank range at Plaintiffs' heads.  The officers detained and interrogated Plaintiffs at the home for about an hour after searching each and every room of the house.

During the detention, Plaintiff Bernabe Gurule allegedly spit on Defendant Merrell, and Defendant Merrell initiated criminal charges against him for battery on a police officer.  The state court judge presiding over the criminal case dismissed the criminal charges on Bernabe Gurule's motion for directed verdict.

Plaintiffs' Complaint alleges claims for unlawful entry and search in violation of the Fourth and Fourteenth Amendments, unlawful detention and arrest in violation of the Fourth and

Fourteenth Amendments, claims of excessive force, and state tort claims for assault, battery, false imprisonment, and malicious prosecution under the New Mexico Tort Claims Act. Defendants' motions brought pursuant to Fed. R. Civ. P. 12(b)(6) contend that the claims brought under the New Mexico Tort Claims Act in Count IV of the Complaint must be dismissed because they are barred by the applicable statute of limitations.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001). Dismissal under Rule 12(b)(6) is proper "when a complaint, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 n. 3 (10th Cir. 1987).

**DISCUSSION**

Plaintiffs' claims are brought against New Mexico public employees for actions within the scope of their duties. The New Mexico Tort Claims Act is the exclusive remedy against a governmental employee for any tort for which immunity has been waived under the Act. N.M. Stat. Ann. 1978 § 41-4-17(A). Under the Tort Claims Act, a public employee acting within the scope of duty is granted immunity from liability for any tort except as waived by the provisions

3

of the Act.   N.M. Stat. Ann. 1978 § 41-4-4; Garcia-Montoya v. State of New Mexico, 6 P.3d 101084, 1002 (N.M. 2001).  Actions against a public employee for torts are barred unless commenced within two years after the date of occurrence resulting in loss.  N.M. Stat. Ann. 1978 § 41-4-15(A).

Plaintiffs' Complaint alleges that the occurrence resulting in loss occurred on March 19, 2005.  Plaintiffs' Complaint was filed on March 20, 2007.  Thus, the face of the Complaint indicates that Plaintiffs' state tort claims against the Defendants are barred by the statute of limitations within the New Mexico Tort Claims Act.  Plaintiffs did not respond to Defendants' motions to make any argument that the limitations period is other than two years or that it did not run before the Complaint was filed.  Accordingly, the Complaint, on its face, indicates the existence of the affirmative defense of the running of the statute of limitations, and Defendants are entitled to dismissal of Plaintiffs' state tort law claims in Count IV of the Complaint.

CONCLUSION

IT IS THEREFORE ORDERED that County Defendants' Motion to Dismiss (Doc. 4) and State Defendants' Joinder in Motion to Dismiss (Doc. 11) are hereby GRANTED and the State Tort Law Claims brought in Count IV of the Complaint are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE